IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEYER CORPORATION, U.S.,

       Plaintiff,

   v.

EVCO INTERNATIONAL, INC., d/b/a
CREATIVE HOME, ALFAY DESIGNS,
INC., AND FARBERWARE LICENSING
COMPANY, LLC, a Delaware
limited liability company,

       Defendants.
_____/

Case No. 2:09-cv-297-JAM-JFM

ORDER STAYING ACTION

This matter comes before the Court on Defendant Farberware
Licensing Company, LLC's ("FLC") motion to dismiss or in the
alternative, to transfer, and on Defendant Alfay Design, Inc.'s
("Alfay") motion to dismiss, or alternatively, to join in FLC's
motion to transfer.  Plaintiff Meyer Corporation, U.S. ("Meyer")
opposes both of the motions.  A motion hearing on this matter
was held on July 15, 2009.

1

On June 27, 1996, Meyer Marketing Company Co., Ltd.
("MMC"), now an inactive business entity, and Farberware, Inc.,
FLC's predecessor, entered into a 200-year Agreement ("Meyer
Agreement") whereby Farberware, Inc. sold MMC the exclusive
right to use and exploit the Farberware brand name and related
trademarks in connection with the sourcing, manufacturing,
distribution and sale of specific Farberware-branded products.
Krause Decl. at Ex. A.  The Meyer Agreement defines the specific
products covered by the agreement by listing numerous types of
kitchen utensils and appliances including "kettles (but only
those made of stainless steel, regular aluminum or anodized
aluminum)…"  Krause Decl. at Ex. A.  Subsequent to the execution
of the Meyer Agreement, MMC transferred and assigned all of its
rights and obligations under the Agreement to Meyer Intellectual
Properties Limited ("MIP").  Plaintiff Meyer is an authorized
MIP affiliate.  Krause Decl. ¶ 8.  Also after the execution of
the Agreement, FLC acquired all of Farberware, Inc.'s rights and
obligations under the Meyer Agreement.  Ratushny Decl. ¶ 3.

In 2005, FLC entered into a license agreement with
Defendant Alfay, whereby Alfay was granted the license to
distribute certain products bearing the Farberware brand name
and trademark ("Alfay Agreement").  Pursuant to the Alfay
Agreement, Alfay, in conjunction with Evco International, Inc.,
d/b/a Creative Home ("Evco"), manufactures, distributes, markets

and sells tea kettles bearing the Farberware name and trademark. Am. Compl. ¶ 20.   FLC argues that the tea kettles Alfay and Evco distribute are "enamel tea kettles" whereas Meyer contends Alfay's Farberware-branded kettles are made of stainless steal in violation of the Meyer Agreement.

On March 20, 2009, FLC filed suit against Meyer in the Southern District of New York ("SDNY") alleging causes of action for Lanham Act violations and for breach of the Meyer Agreement. Sovak Decl., Ex. A.   Alfay and Evco are currently not parties to the SDNY lawsuit; however both parties have been subpoenaed for deposition and production of documents.   Ozer Decl., Ex. A. Meyer has asserted counterclaims in the SDNY action, some of which are the same claims that Meyer pleads in this action.   Id. The SDNY action is scheduled for trial on August 17, 2009.

In Meyer's Opposition brief it requests that if this Court decides that the instant case should not proceed concurrently with the SDNY action, that this matter be stayed pending the resolution of the SDNY action.   Pl's Opp. 25:9-15.   At the motion hearing, Plaintiff stipulated that it would not be opposed to staying the entire action, including the causes of action against Evco, whom is not a party to the motions currently before this Court.   See Doc. # 38.   Also at the motion hearing, FLC, Alfay, and Evco stated that while they would

prefer to have the instant case transferred to the SDNY, they do not oppose a stay of this action.

The power to stay proceedings is soundly within the Court's discretion and is "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Landis</u>, 299 U.S. at 254-55. In considering whether to stay an action, the district court considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." <u>Rivers v. Walt Disney Co.</u>, 980 F.Supp. 1358, 1359 (C.D. Cal. 1997).

Plaintiff and Defendants have not argued that they would be prejudiced if this Court stayed the action, in fact, Plaintiff stipulated to a stay of the entire action and none of the Defendants oppose a stay. Further, many of the issues in this

//

//

//

case may be resolved in the SDNY action.  Thus, in the interest of judicial efficiency and economy this Court orders the instant matter stayed.

IT IS SO ORDERED.

Dated:  July 23, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE