IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYER CORPORATION, U.S., | Case No. 2:09-cv-297-JAM-JFM |
| Plaintiff, | ORDER GRANTING DEFENDANT ALFAY'S MOTION TO DISMISS |
| v. | |
| EVCO INTERNATIONAL, INC., d/b/a CREATIVE HOME, ALFAY DESIGNS, INC., | |
| Defendants. | |

This matter comes before the Court on Defendant Alfay Designs, Inc.'s ("Alfay's") motion to dismiss, or alternatively, motion to transfer. (Doc. # 35). Plaintiff Meyer Corporation, U.S. (hereinafter "Meyer") opposes the motion (Doc. # 46). For the reasons set forth below[1], Defendant Alfay's motion to dismiss is GRANTED for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Meyer Corporation, U.S. is a Delaware corporation with its principal place of business in Vallejo, California. Amend. Compl. ¶ 4. Meyer sells cookware and bakeware, including hard-anodized, aluminum, stainless steel with aluminum or copper bottoms, stainless steel clad, and nonstick aluminum cookware. Amend. Compl. ¶ 4.  Meyer brought this action against Defendants Farberware Licensing Company, LLC ("FLC"), Alfay Designs, Inc., and Evco International, Inc. ("Evco") (collectively "Defendants") alleging (1) declaratory judgment against all Defendants (2) tortious interference with the Meyer License Agreement against Alfay and Evco; (3) breach of contract against FLC; (4) fraud against FLC; and (5) violation of Cal. Business and Professions Code Section 17200 against all Defendants.

On June 27, 1996 Meyer Marketing Co., Ltd. ("MMC") (Plaintiff's predecessor in interest), currently an inactive business, and Farberware, Inc., ("Farberware") (Defendant FLC's predecessor in interest) entered into a 200 year contract whereby Farberware sold MMC the exclusive right to use and exploit the Farberware brand name and related trademarks in connection with the sourcing, manufacturing, distribution and sale of specific Farberware-branded "Cookware and Bakeware Products" ("Meyer Agreement"). Krause Decl. at Ex. A.  The Meyer Agreement defines the specific products covered by the agreement

by listing numerous types of kitchen utensils and appliances including "kettles (but only those made of stainless steel, regular aluminum or anodized aluminum)…"  Krause Decl. at Ex. A.

In February 2002, FLC, a Delaware corporation with it principal place of business in Massachusetts, acquired the Meyer Agreement, as part of an asset purchase. Ratushney Decl.¶ 2-3. As part of this acquisition, FLC assumed the obligation to "not license any other party to use the Cookware and Bakeware Product Rights on Cookware." Krause Decl. at Ex. A.

In 2005, FLC entered into a license agreement with Alfay, whereby FLC granted Alfay, in conjunction with Evco, the license to manufacture, distribute and/or sell enamel tea kettles bearing the Farberware name and trademark (the "Alfay Agreement"). Smaldone Decl. ¶ 3.

On February 2, 2009 Meyer initiated this action against Alfay and Evco.  On March 20, 2009, FLC filed suit against Meyer in the Southern District of New York, alleging violations of Lanham Act and breach of the Meyer Agreement. Sovak Decl., Ex. A. FLC's complaint was served on Meyer four days before Meyer sought to add FLC to the present action. Meyer filed a motion to transfer the New York action to the Eastern District of California. On May 14, 2009, the Southern District of New York denied Meyer's motion to transfer.

On July 23, 2009, this Court stayed this action in the interest of judicial efficiency and economy as many of the issues in this case were to be resolved in the SDNY action. (Doc. # 54).  The SDNY jury trial concluded on August 27, 2009. On October 13, 2009, the SDNY court entered an order decreeing that:

(a) "The License Agreement provides that Meyer and its affiliates have the worldwide exclusive right to use and exploit the Farberware name and related trademarks in connection with sourcing, manufacturing and/or distribution of kettles made of stainless steel, irrespective of coating;

(b) FLC's having entered into an agreement with the otherwise authorized Alfay, or any other entity or person to manufacture, distribute, or sell kettles made of stainless steel bearing the Farberware name and/or trademark in derogation of Meyer's rights under the License Agreement, irrespective of coating; that

(c) FLC is prohibited from granting a license or otherwise authorizing Alfay, or any other entity or person to manufacture, distribute, or sell kettles made of stainless steel bearing the Farberware name and/or trademark in derogation of Meyer's rights under the License Agreement, irrespective of any coating; that

4

     (d)  Alfay manufactured and sold kettles made of stainless steel, and that

     (e)  the agreement FLC entered into with Alfay was in express violation of the License Agreement between Farberware, Inc. and Meyer." (<u>See</u> Exhibit A to the Declaration of Dean A. Dickie, Doc. # 57).

On October 21, 2009, Meyer filed a notice of voluntary dismissal of Defendant FLC pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  As such, the current action only proceeds against Defendants Alfay and Evco.  This Court granted Plaintiff's motion to lift the stay on December 4, 2009. (Doc. # 61).  However, discovery in the action is stayed until and after the Court hears and rules on Defendant Alfay's motion to dismiss (Doc. # 61).

Alfay's instant motion seeks the following relief: (1) dismissal of Meyer's action against Alfay pursuant to FRCP 12(b)(2) for lack of personal jurisdiction; (2) dismissal of Meyer's claims for declaratory relief, tortious interference with the License Agreement and Violation of Business and Professions Code Section 17200 Unfair Acts or Practice pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted because of the prohibition in the License Agreement between Meyer and FLC; or (3) alternatively, transfer of this case to the Southern District of New York.

II.   OPINION

A. <u>Legal Standard</u>

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action for lack of personal jurisdiction. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." <u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1484 (9th Cir. 1993). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." <u>Id.</u> at 1484.  Thus, only constitutional principles constrain the jurisdiction of a federal court in California. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990).  "Due process requires that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." <u>Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotations omitted); <u>see</u> <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

Once a defendant challenges jurisdiction, the burden of proof to show that jurisdiction is appropriate lies with the

6

plaintiff. Sher, 911 F.2d at 1361. When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed. Id.  In deciding whether plaintiff has met this burden, the court accepts plaintiff's allegations as true. Id.

  B. Personal Jurisdiction

    A court may exercise either general or specific jurisdiction over a non-resident defendant. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).  When a defendant does not reside in the forum state, the contacts must be such that they "approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir. 2000)).  Meyer does not argue and therefore, appears to concede, that Alfay does not have sufficient contact with California to establish general jurisdiction. (Meyer's Opp'n, Doc. # 46 at 4-11).

Where general jurisdiction does not exist, the court may still determine whether the defendant has had sufficient minimum contacts with the state, as it relates to the pending litigation against it, in order to justify the exercise of specific jurisdiction. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). In determining whether a district court can exercise specific jurisdiction over a defendant, the Ninth Circuit has articulated the following three-part test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, meaning it must be reasonable. Schwarzeneggerr v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

1. Purposeful Availment

The purposeful availment prong requires a "qualitative evaluation of the defendant's contact with the forum state in order to determine whether the defendant's conduct and connection with the forum state are such that he should

8

reasonably anticipate being haled into court there." Harris, 328 F.3d at 1130 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)) (internal quotations omitted). "The purposeful availment requirement is met if the defendant 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Id. (quoting Sher, 911 F.2d at 1362). However, a defendant may not be haled into a jurisdiction based upon the unilateral acts of third parties. Lake, 817 F.2d at 1421 (citing Burger King, 471 U.S. at 475).

Meyer asserts Alfay purposefully availed itself of the privilege of doing business in California under the stream of commerce test. Under the stream of commerce test, "where a defendant delivers its products into the stream of commerce with the expectation that they will reach the forum state, 'the forum's court may assert personal jurisdiction.'" Hedrick v. Diako Shoji Co., Ltd., 715 F.2d 1355, 1358 (9th Cir. 1983) (citing World-Wide Volkswagon v. Woodson, 44 U.S. 286, 297-98 (1980)). Meyer argues that Alfay delivered its tea kettles into the stream of commerce with the expectation that the tea kettles would reach California. Meyer asserts Alfay distributed, marketed, and sold the tea kettles in California and authorized Evco to distribute its products in California.

9

Alfay argues it took no affirmative acts to purposefully avail itself of the privilege of doing business in California. Alfay is not registered or authorized to conduct business in California and does not conduct business in California. Smaldone Decl. at ¶¶ 9-14, 18-24.  Alfay argues it is involved in this suit purely because of its contract with FLC, a Delaware limited liability company.  Alfay designed and manufactured enamel tea kettles outside of California and did not direct any advertising or marketing to California.  Id. ¶¶ 12, 18-22, 24. Nevertheless, Alfay does not deny that its products are distributed and sold in California or that it authorized Evco to distribute its products in California.  Alfay derives a benefit from the sale of its products in California.  Accordingly, the Court finds that Alfay authorized Evco to distribute its tea kettles in California and, had or reasonably should have had the expectation that its tea kettles would be distributed and sold in California.  As such, the Court finds Alfay has purposefully availed itself of the privilege of conducting activities in California.

  2. Forum-Related Activities

The Ninth Circuit relies "on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1500

(9th Cir. 1995)(citation omitted).  Here, Plaintiff's claims arise out of Alfay's delivery of tea kettles made of stainless steel into the stream of commerce.  All of Meyer's claims against Alfay arise out of and are based on the fact that Alfay's tea kettles, in violation of the Meyer Agreement, are offered for sale in California and throughout the nation in violation of Meyer's exclusive license.  But for Alfay's delivering its tea kettles into the stream of commerce, Meyer would not have been injured giving rise to its claims.  As such, all of Meyer's claims arise out of or relate to Alfay's forum-related activities.

   3. Reasonableness

      "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (citation omitted). Defendant has the burden to show that it would not. Sher, 911 F.2d at 1364. Courts in the Ninth Circuit apply this requirement by weighing seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state, (4) the forum state's

interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Industries, AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

The Court must weigh the extent of Defendants' purposeful interjection into the affairs of the forum state, even if the purposeful availment prong is satisfied. Id. at 1488. In the present case, Alfay's purposeful interjection into the affairs of California is minimal. Alfay is not registered or authorized to conduct business in California and does not conduct business in California. Smaldone Decl. at ¶¶ 9-14, 18-24. Alfay designed and manufactured enamel tea kettles outside of California and did not direct any advertising or marketing to California. Id. ¶¶ 12, 18-22, 24. Alfay has no channels for providing regular advice to customers who purchased their products, including teakettles, in California. Id. ¶ 5. As such, the extent of Alfay's purposeful interjection into California's affairs is minor, and thus this factor weighs in favor of Alfay.

In order for a defendant to demonstrate that defending a suit in this forum is unreasonable, the defendant must show that jurisdiction in California would make the litigation "so gravely

difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." Sher, 911 F.2d at 1365.  Alfay argues that as a small corporation, its key employees necessary to the operation of the business are its two owners.  Alfay asserts that participation in litigation in California would essentially prevent Alfay from operating.  Id. However, in a case where an out-of-state defendant alleged similar hardships, the Ninth Circuit found that jurisdiction in the forum was nonetheless reasonable. Sher, 911 F.2d at 1365. In Sher, defendant, a Florida law firm, asserted that jurisdiction in California would be unreasonable because defendant would be unable to run its law practice if it were required to defend a suit in California. Id. at 1364. The defendant in Sher also argued that all the evidence and most of the witnesses were located in Florida. Id. The Ninth Circuit found that "[i]n this era of fax machines and discount air travel, requiring [defendant] to defend itself in California under the circumstances as it alleges them would not be so unreasonable as to violate due process." Id. at 1365.  Thus, although Alfay has demonstrated that the burden of litigating this claim in California would be significant, it has not demonstrated that it would be placed at a severe disadvantage if the case remains in this Court.

Both California and New York have an interest in this litigation. The State of California has an interest in protecting the rights of its injured citizens. As Meyer has its principal place of business in California, it is a citizen of California that has allegedly been injured by Alfay's conduct. New York has an interest in this action because the litigation centers on the License Agreement between FLC and Meyer, as well as Alfay's agreement with FLC, which expressly provides that it is to be governed by New York law. As to these factors, the Court cannot say that either forum would necessarily be more reasonable.

The parties' interest in the most efficient judicial resolution of the controversy favors an alternate forum. The United States District Court for the Eastern District of California has the heaviest caseload in the country. Each judge manages a current weighted caseload of approximately 1,097 cases, more than double the national weighted caseload average of 480 cases per active judge. Therefore, this factor weighs in Alfay's favor.

Plaintiff's interest in convenient and effective relief also favors an alternate forum. As the busiest district in the country, Plaintiff's interest in a swift resolution of this dispute favors litigating the matter in New York. The Southern District of New York has already concluded a jury trial and

issued a written order in the matter of <u>Farberware Licensing Company, LLC v. Meyer Marketing Co., Ltd., et. al</u>, Case No. 09-cv-2570.  The assignment of this matter to the same district court and judge is not only likely to affect a substantial savings of judicial effort, but also is likely to serve the most convenient and effective relief for Meyer.

Finally, as noted above, an alternative forum does exist.  The Southern District of New York is much more likely to try this case on its merits more expeditiously than this district.

Considering all of the relevant factors, the Court finds that exercise of personal jurisdiction over Alfay is unreasonable.  Alfay's purposeful interjection into the forum is minimal, and thus weighs in favor of not finding jurisdiction.  Further, the availability of an alternative forum, New York, favors Alfay's position.  New York has an interest in the litigation and is the most efficient and convenient forum.  As such, Defendant Alfay has shown that jurisdiction in California would make the litigation unreasonable.  Accordingly, Plaintiff has failed to show that jurisdiction is appropriate under the Ninth Circuit's three-part test.  Thus, the Court finds that it does not have specific jurisdiction over Alfay.[2]

---

[2]   Because the Court finds that it lacks personal jurisdiction over Alfay, it need not and declines to reach Alfay's alternative arguments for (1) dismissal of Meyer's claims for declaratory relief, tortious interference with the License Agreement and Violation of Business and Professions Code Section 17200 Unfair Acts or Practice pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted because of the prohibition in the License Agreement between

III. ORDER

For the above reasons, Defendant Alfay's motion to dismiss pursuant to FRCP 12(b)(2) for lack of personal jurisdiction is hereby GRANTED.

IT IS SO ORDERED.

Dated: April 28, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

Meyer and FLC; or (2) alternatively, transfer of this case to the Southern District of New York.